IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **ROBERT CLARK, #731880** | § | |
| VS. | § | CIVIL ACTION NO. 5:06cv179 |
| **KELLY STRONG, ET AL.** | § | |

**MEMORANDUM OPINION AND**
**ORDER OF DISMISSAL**

Plaintiff Robert Clark, a Texas prison inmate previously confined at the Telford Unit, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The cause of action was referred with the consent of the parties pursuant to 28 U.S.C. § 636(c).

**Plaintiff's Allegations**

The original complaint was filed on August 14, 2006. The Plaintiff stated that he filed a lawsuit in the Southern District of Texas of January 5, 2004. All of the defendants were eventually dismissed, except for Kelly Strong. During the pendency of the lawsuit, Ms. Strong allegedly contacted Defendants John Wyeth and Captain McDonald in order to retaliate against the Plaintiff. No details were provided. Captain McDonald, in turn, initiated false disciplinary cases and filed false governmental documents, which led to the Plaintiff's transfer to another higher security unit, removal from safekeeping, placement in general population and eventual classification as a gang member.

The Plaintiff discussed a number of incidents to support his claims. He specified that he was involved in an altercation with two other inmates on August 26, 2005. The Plaintiff went to a disciplinary hearing where Captain McDonald reduced the charges against him from a major to a minor case. The other two inmates received major disciplinary cases. The Plaintiff stated that he wrote to

officials from September 1, 2005 to September 15, 2005, complaining that the other two inmates would not leave him alone and that they solicited other inmates to fight him. On September 6, 2005, Sgt. Mays and Defendant Jane Doe #1 searched his cell and said they were going to get him. On September 15, 2005, the Plaintiff, who was confined in a transit cell, wrote to the warden complaining about the two inmates who attacked him. Sgt. Forte told the Plaintiff to be careful because someone "high-up" was out to get him. On September 20, 2005, while still confined in the transit cell, the Plaintiff was notified that Captain McDonald had filed a disciplinary case against him for extortion, Case Number 20060021941. A disciplinary hearing was conducted on September 27, 2005. The Plaintiff stated that he provided enough evidence of his innocence, but Disciplinary Captain Roseberry still found him guilty. His punishment consisted of 45 days commissary and cell restrictions, 15 days solitary confinement and 180 days loss of good time. He was also removed from safekeeping, placed in general population and transferred to a facility of higher security. He noted that his Step 1 and Step 2 grievances challenging the disciplinary case were denied. The Plaintiff went to a unit classification hearing on September 27, 2005. A report prepared by Defendant John Doe #1 was read. The Plaintiff's complaints and requests were denied. The Plaintiff stated that he tried to obtain help from September 20, 2005, to November 4, 2005. He was transferred to the Allred Unit on November 5, 2005. It is noted that the Plaintiff's claim about incidents at the Allred Unit were severed from this lawsuit and transferred to the Northern District of Texas, Wichita Falls Division.

    The Plaintiff alleged that he was denied due process in Disciplinary Case Number 20060021941. He further alleged that he was subjected to cruel and unusual punishment by being removed from safekeeping. More specifically, his life was placed in danger. The Plaintiff alleged that he has been denied access to court, although the facts discussed by him concerned an incident that

occurred at the McConnell Unit. In conjunction with the denial of access to court claim, he added that he has been the victim of retaliation because he exercised his right of access to court.

The Plaintiff asked for $375,000 in punitive damages from each Defendant and $1 in nominal damages from each Defendant. He also asked for declaratory and injunctive relief. More specifically, he asked that the State Classification Committee be ordered to return him to safekeeping, that disciplinary case number 20060021941 be expunged from his record and that he be removed from administrative segregation.

### Defendants' Motion to Dismissal and Sever

The Defendants have filed motions to dismiss and sever. They moved to have the claims against the Texas Department of Criminal Justice State Classification Committee be dismissed since it is not a "person" for purposes of § 1983 litigation. The State Classification Committee also asserted a right to dismissal under the Eleventh Amendment and sovereign immunity. The remaining Defendants argued that they are entitled to have the claims against them dismissed based on qualified immunity. Defendant Strong further moved for a dismissal because the Plaintiff did not name her in the body of the complaint or show that she was directly involved in any alleged events that would deprive him of any constitutional rights. Instead, he merely expressed a belief that she conspired against him. She noted that any claim based on respondeat superior does not apply under § 1983. Defendant Wyeth made similar arguments to support his motion to dismiss.

### Plaintiff's Response

The Plaintiff responded by denying the Defendants' allegations. He argued that the Defendants did not act reasonably or in good faith; instead, they acted sadistically or maliciously in a campaign of harassment. He denied that they are entitled to a dismissal based on qualified immunity. He argued that the claims against Kelly Strong should not be dismissed because she was directly involved in

threatening witnesses and was aware of threats by others and failed to act. He made similar claims against Defendant Wyeth.

## Discussion and Analysis

The first issue for the Court to consider is the argument that the claims against the State Classification Committee should be severed or dismissed. The Eleventh Amendment provides that the State of Texas, as well as its agencies, are immune from liability. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). In *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), the Supreme Court held that neither a state nor a state official is a "person" for purposes of liability under 42 U.S.C. 1983. The Texas prison system and its various departments are immune from liability. *Ruiz v. Estelle*, 679 F.2d 1115, 1137 (5th Cir. 1982); *Pete v. Metcalfe*, 8 F.3d 214, 216 (5th Cir. 1993). Thus the claim against the State Classification Committee should be dismissed.

The remaining Defendants argued that the claims against them should be dismissed based on qualified immunity. The defense of qualified immunity shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established rights which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Wilson v. Layne*, 526 U.S. 603, 614 (1999). The doctrine of qualified immunity shields government officials "from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Fraire v. Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992), *citing Anderson v. Creighton*, 483 U.S. 635, 638 (1987). The objective reasonableness of an official's conduct must be measured with reference to the law as it existed at the time of the conduct in question. *Anderson*, 483 U.S. at 639; *Jackson v. City of Beaumont Police Department*, 958 F.2d 616, 620 n. 5 (5th Cir. 1992) (citations omitted). *See King v. Chide*, 974 F.2d 653 (5th Cir. 1992) (discussing qualified immunity in the context of force used against an arrestee).

The evaluation of a qualified immunity claim involves a two-step inquiry. *Harper v. Harris County*, 21 F.3d 597, 600 (5th Cir. 1994); *Colston v. Barhnart*, 130 F.3d 96, 99 (5th Cir. 1997). The first step is to determine whether the plaintiff has shown a violation of a clearly established constitutional right. *Id.* The second step requires the court to determine whether the defendant's conduct was objectively unreasonable under existing clearly established law. *Id.*

Issues concerning qualified immunity should be resolved at the earliest possible stage. When factual issues are still in dispute at the time of trial, a court may not be able to make a decision as to whether officers are entitled to qualified immunity until the factual issues are resolved by a jury. *See Lampkin v. City of Nacogdoches*, 7 F.3d 430 (5th Cir. 1993). In such cases, the jury will have to decide "the underlying historical facts in dispute that are material to the resolution of the questions whether the defendants acted in an objectively reasonable manner in view of existing law and facts available to them." *Id.* at 435. *See also Presley v. City of Benbrook*, 4 F.3d 405, 409-10 (5th Cir. 1993). The Fifth Circuit has also held that "while qualified immunity ordinarily should be decided by the court long before trial, if the issue is not decided until trial the defense goes to the jury which must then determine the objective legal reasonableness of the officers' conduct." *McCoy v. Hernandez*, 203 F.3d 371, 376 (5th Cir. 2000).

The Plaintiff's first claim concerns Disciplinary Case Number 20060021941. He argued that he was denied due process. He stated that his Step 1 and Step 2 grievances were denied. He asked to have the case expunged from his record. He also asked for nominal and punitive damages. Because the Plaintiff seeks damages and the expungement of the case, he cannot assert his due process claim in a 42 U.S.C. § 1983 action unless he first shows that the result was reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Edwards*

5

*v. Balisok*, 520 U.S. 641, 648 (1997). "Claims for damages and declaratory relief challenging the procedures used in, but not the results of, prison disciplinary proceedings are similarly not cognizable in a § 1983 action until the relevant 'conviction' has been reversed, expunged, or otherwise declared invalid if a favorable judgment would 'necessarily imply' the invalidity of the prisoner's 'conviction' in the disciplinary proceeding or the length of the prisoner's confinement." *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (*en banc*), citing *Edwards v. Balisok*, 520 U.S. at 646. The Plaintiff has not shown that he has been able to get his disciplinary case reversed, expunged or otherwise declared invalid. The motion to dismiss should be granted with respect to the Plaintiff's claims about the disciplinary case.

The Plaintiff next alleged that he was denied access to court and subjected to retaliation in conjunction with his lawsuit in the Southern District of Texas. It is noted that the Plaintiff's lawsuit in the Southern District of Texas was dismissed with prejudice pursuant to an agreed stipulation of dismissal signed by the parties. *Clark v. Strong*, No. 2:04cv6 (S.D. Tex. Oct. 11, 2006). To prevail on a claim that his right of access to court has been violated, a prisoner must demonstrate prejudice or harm by showing that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered by the defendant's actions. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In *Lewis v. Casey*, the Supreme Court stated that an inmate must show more than the inability to file a claim in order to succeed on an access to court claim; instead, he must show that he would have been able to bring a nonfrivolous claim with arguable legal merit -- he must show an actual injury. 518 U.S. at 351-53. In the present case, the Plaintiff's Southern District lawsuit against Strong was dismissed pursuant to an agreed stipulation of dismissal. The Plaintiff cannot show prejudice occurred in that case. The motion to dismiss on this claim should be granted.

The Plaintiff also alleged that he was the victim of retaliation in conjunction with his Southern District lawsuit. To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). For example, the law is well established that prison officials may not retaliate against an inmate who exercises his right of access to court. *Ruiz v. Estelle*, 679 F.2d 1115, 1153 (5th Cir. 1982), *opinion amended in part and vacated in part*, 688 F.2d 266 (5th Cir. 1982), *cert. denied*, 460 U.S. 1042 (1983); *Campbell v. Beto*, 460 F.2d 765, 768 (5th Cir. 1972). The Plaintiff alleged that he was the victim of retaliation because he exercised his right of access to court in filing the Southern District lawsuit. A plaintiff must allege facts showing that the defendants possessed a retaliatory motive. *See Whittington v. Lynaugh*, 842 F.2d 818, 820 (5th Cir. 1988); *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1193 (5th Cir. 1985). The inmate must allege more than his personal belief that he was the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.), *cert. denied*, 522 U.S. 995 (1997). Mere conclusory allegations of retaliation are not enough. *Moody v. Baker*, 857 F.2d 256, 258 (5th Cir. 1988). Moreover, he must show that "but for" a retaliatory motive, the defendants would not have engaged in the action. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084 (1996). The inmate must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Id.*

In the present case, the Plaintiff has presented nothing more than conclusory allegations of retaliation. He did not provide any detailed facts showing that Kelly Strong contacted people at the Telford Unit in order to have them retaliate against him. He provided nothing more than speculation and conclusory allegations.

The Plaintiff also complained about the classification decision removing him from safekeeping. Prison systems have broad discretion in the classification of inmates, and the federal courts will not interfere with classification decisions except in extreme circumstances. *Jackson v. Cain*, 864 F.2d 1235 (5th Cir. 1989); *Young v. Wainwright*, 449 F.2d 338 (5th Cir. 1971). Inmates have neither a protectable property nor liberty interest in custodial classification. *Moody v. Baker*, 857 F.2d 256 (5th Cir.), *cert. denied*, 488 U.S. 985 (1988). Absent evidence of abuse, the classification of prisoners is a matter left to the discretion of prison officials. *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990). The Plaintiff has failed to show an abuse of discretion.

The Plaintiff also characterized the claim as placing his life in danger. The Eighth Amendment affords prisoners protection against injury at the hands of other inmates. *Smith v. Wade*, 461 U.S. 30 (1983); *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Instead, the standard to employ is whether prison officials were "deliberately indifferent" to the safety needs of an inmate. *Id.*; *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002). "[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; . . . the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. A prisoner does not have a basis for a civil rights claim for failure to protect simply because he disagrees with the classification decision made by classification officials. *Neals v. Norwood*, 59 F.3d 530 (5th Cir. 1995). In the present case, the Plaintiff has only shown that he disagrees with the decision removing him from safekeeping. He did not show that anyone was deliberately indifferent.

Throughout the complaint, the Plaintiff alleged harassment against the Defendants but did not make a specific claim of threats and harassment. It is noted that claims of verbal harassment, without more, do not amount to a constitutional violation. *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993). In *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002), the Fifth Circuit held that verbal abuse and requiring an inmate to beg for food did not provide a basis for an actionable claim under § 1983. Moreover, "mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations." *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983), *cert. denied*, 464 U.S. 998 (1983). *See also Johnson v. Glick*, 481 F.2d 1028, 1033 n.7 (2nd Cir. 1973) (the use of words, no matter how violent, does not comprise a § 1983 violation). To the extent that the Plaintiff intended to include claims of harassment and threats, such claims are frivolous.

The Plaintiff also alleged that there was a conspiracy to retaliate against him. To prove a conspiracy, the Plaintiff must prove an actual deprivation of a constitutional right. *Slavin v. Curry*, 574 F.2d 1256, 1261 (5th Cir. 1978); *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984). *See also Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990). He failed to do so.

Finally, the case should be dismissed because the Plaintiff has not shown harm. Fundamental to any civil rights case, a plaintiff must show an injury as a prerequisite to recovery under § 1983. *McCord v. Maggio*, 927 F.2d 844, 849 (5th Cir. 1991). *See also Crowder v. Sinyard*, 884 F.2d 804, 812 n. 8 (5th Cir. 1989), *cert. denied*, 496 U.S. 924 (1990). Thus the facts alleged by the Plaintiff do not provide a basis for a potentially meritorious civil rights lawsuit. The facts as alleged fail to state a claim upon which relief may be granted.

Returning to the Defendants' argument that the case should be dismissed based on qualified immunity, the Plaintiff has not satisfied the first prong requiring a showing of a violation of a clearly established constitutional right. He likewise failed to show that the Defendants' conduct was

objectively unreasonable under existing clearly established law. He has not shown that the Defendants are not entitled to have the claims against them dismissed based upon qualified immunity. Consequently, the motion to dismiss should be granted. It is accordingly

**ORDERED** that the motions to dismiss (docket entry numbers 12 and 20) are **GRANTED**. It is further

**ORDERED** that the complaint is **DISMISSED** with prejudice. It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

**SIGNED this 27th day of November, 2006.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE